**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DERRICK JUBECK, | ) |
|         Plaintiff, | ) ) ) Civil Action No. 21-72 |
| v. | ) Judge Cathy Bissoon ) Magistrate Judge Patricia L. Dodge |
| ORLANDO HARPER, *et al.*, | ) ) |
|         Defendants. | ) |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On February 1, 2022, the Magistrate Judge issued a Report (Doc. 41) recommending that Defendants' Motion (Doc. 29) for dismissal be granted.  Service of the Report and Recommendation ("R&R") was made on the parties, and Plaintiff has filed Objections.  (Doc. 45.)

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections thereto, the Court concludes that Plaintiff plausibly has alleged viable claims against Defendants.  Accordingly, the Court declines to adopt the R&R, and for the reasons that follow, Defendants' Motion to Dismiss (Doc. 29) will be denied.

**ANALYSIS**[1]

With respect to the "failure to protect" claim against all non-supervisory Defendants, Plaintiff's theory is that Defendants knew that an assault, such as the one he allegedly experienced, was a virtual certainty at the Allegheny County Jail because of Mitchell's prior attacks. To that end Plaintiff plausibly has alleged that Defendants had "knowledge of a substantial risk of serious harm" to him if held with Mitchell. Farmer v. Brennan, 511 U.S. 825, 842 (1994); *see id.* ("[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.")

The Court recognizes that deliberate indifference to inmates' rights cannot merely be predicated on knowledge of the general risk of violence at a prison. *See* Bistrian v. Levi, 696 F.3d 352, 362 (3d Cir. 2012) (finding no deliberate indifference where plaintiff was attacked by "an inmate with a history of violently attacking fellow detainees . . . ."). But here, the underlying risk is specific because—after accepting the factual allegations to be true, construing those truths in the light most favorable to Plaintiff, and then drawing all reasonable inferences from them in favor of Plaintiff—the Amended Complaint establishes that Defendants knew both that (1) Plaintiff is an openly gay man and (2) that the prior assaults were due to Mitchell's aversion to gay men.[2] *See* Doc. 11 ("Am. Compl.") at 4, 14, 17, 40.

---

[1] Apart from an omission (*see infra* n.2), the R&R accurately recounts the factual background and correctly identifies the underlying claims.

[2] That Plaintiff is an openly gay man, Am. Compl. at 4, is not included in the R&R. This omission is critical because the inferences drawn from Plaintiff's sexual orientation, when coupled with Mitchell's alleged homophobia, provide the factual enhancement that nudges Plaintiff's failure to protect claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The fact that certain Defendants were absent on the day that Plaintiff was assaulted, Doc. 30 ("Defs.' Br.") at 7, does not absolve them.  *See* Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir. 2009) ("In order to satisfy the personal involvement requirement, a § 1983 complaint need only allege the conduct, time, place, and person responsible.")  There is no requirement that Defendants must have witnessed the underlying assault for Plaintiff to allege a failure to protect claim.  The facts in Farmer crystalize this point.  There, plaintiff had alleged that

> [Defendants] either transferred plaintiff to [the prison where plaintiff was ultimately assaulted] or placed [plaintiff] in [that prison's] general population despite knowledge that the [prison] had a violent environment and a history of inmate assaults, and despite knowledge that [plaintiff], as a transsexual who "projects feminine characteristics," would be particularly vulnerable to sexual attack by some [prison] inmates.

Farmer, 511 U.S. at 830–31.

To be sure, none of the Farmer defendants were physically present at the prison when plaintiff was assaulted.  Indeed, two of those defendants worked in a different prison—*i.e.*, they only were responsible for transferring plaintiff to the prison where the assault occurred.  Accordingly, so long as Defendants had knowledge of a substantial risk of serious harm to Plaintiff, their absence on the day of assault is of no moment.  This remains a factual issue about which discovery is required.

Defendants' contention that "it is speculative to conclude that they were aware that Mitchell would assault [Plaintiff]," Defs.' Br. at 6, is irrelevant.  The dispositive question, at this juncture, is whether Plaintiff's allegations sufficiently establish (and they do) that Defendants "acting with deliberate indifference, exposed [him] to a sufficiently substantial risk of serious damage to his future health . . . ."  Farmer, 511 U.S. at 843; *see id.* ("[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.").  Of course, "prison officials who actually knew of a substantial

3

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. But that inquiry is improper at this stage.

As to the "failure to intervene" claim against Defendants who allegedly witnessed the assault, Defendants ask the Court to ignore Plaintiff's factual allegations, accept their rendition of the video of the assault and conclude that they "intervened promptly and that they did not simply refuse to help [Plaintiff]." Doc. 40 ("Defs.' Reply Br.") at 5. However, the Court could not entertain such a request even at the summary judgment stage, let alone at this juncture. *See* Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

As to the supervisory Defendants, the Court agrees with Plaintiff that the Amended Complaint is "replete with policy-or-custom allegations demonstrating" their liability. Doc. 39 ("Pl.'s Br.") at 4. Accordingly, their dismissal is not warranted. But to the extent that Plaintiff finds it necessary, the Court will allow amendment.[3]

**CONCLUSION**

Consistent with the analyses above, the Court hereby enters the following:

---

[3] Defendants' failure to advance any argument as to Defendant Frank, R&R at 11, is a sufficient basis to deny their motion as it pertains to her. In any event, although it appears that Defendant Frank also is a supervisor, *see* Am. Compl. ¶ 24; Pl.'s Br. at 4, Plaintiff should clarify her role via amendment. At the same time, the Court notes that at 141 paragraphs and 41 pages, the First Amended Complaint already is not "a short and plain statement." Fed. R. Civ. P. 8(a). Nor are the underlying claims so complex that would render it impossible to craft a pleading with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d). The Court is hopeful that Plaintiff will use this opportunity judiciously.

## II. ORDER

Consistent with the foregoing, Defendants' Motion to Dismiss (Doc. 29) is **DENIED**. Plaintiff shall file a Second Amended Complaint by **April 7, 2022**, and Defendants shall file an Answer by **April 21, 2022**.

IT IS SO ORDERED.

March 28, 2022								s/Cathy Bissoon
									Cathy Bissoon
									United States District Judge

cc (via ECF email notification):
All Counsel of Record